UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>DEVIN MARQUEL JONES,<br><br>    Defendant. | CRIMINAL ACTION 5:14-126-KKC-1<br><br><br>**OPINION AND ORDER** |

**\*\*\* \*\*\* \*\*\***

Defendant Devin Marquel Jones has filed a motion for compassionate release (DE 74) pursuant to 18 U.S.C. § 3582(c)(1)(A) and the United States has responded. (DE 77.) As part of his motion, Jones also requests the appointment of counsel. (*Id.* at 3.) For the following reasons, the Court must deny the motion.

In 2017, Jones pled guilty to one count of possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). (DEs 38, 39.) By judgment dated October 27, 2017, this Court sentenced Jones to a term of imprisonment of seventy-two (72) months followed by three (3) years of supervised release. (DE 47.) While on supervised release, Jones stipulated to a violation of his terms of release and this Court imposed a term of imprisonment of ten (10) months followed by twelve (12) months of supervised release. (DE 72.) He is currently 33 years old and incarcerated at FCI McDowell.

Jones moves the Court to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." (DE 74.) Prior to the First Step Act of 2018, compassionate release could only be requested by the Director of the Bureau of Prisons (BOP). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to

file a motion for such relief on his own, but only if he has first "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or if 30 days have lapsed since the warden of the defendant's facility received the defendant's request to file a motion on his behalf, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The government does not dispute that one of these conditions is met here. Accordingly, the Court has jurisdiction over this motion.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and also to "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance, but the Sixth Circuit has determined it does not apply to "cases where an imprisoned person files a motion for compassionate release." *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020). Thus, until the Sentencing Commission updates the policy statement to reflect that inmates may now file a compassionate-release motion on their own, district courts have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109.

In his motion, Jones cites the risks of COVID-19 and an instance of carbon monoxide exposure in August 2021 as reasons why he should be granted compassionate release. (DE

2

74 at 1.) However, Jones does not offer evidence of any pre-existing medical conditions that would place him in a particularly high-risk group if he were to contract COVID-19.

On the other hand, the government presents evidence that Jones has received the COVID-19 vaccination. (DE 79 at 13.) In addition, Jones' medical records indicate that his carbon monoxide exposure caused temporary headache and nausea but did not otherwise require additional treatment. (*Id.* at 163–64.) Jones' COVID-19 vaccination will decrease his chances of contracting COVID-19 to a degree significant enough that the Court is unable to find that his circumstances present "extraordinary and compelling" reasons warranting a sentence reduction. *See United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)) ("Accepting the serious nature of Traylor's alleged medical conditions, her argument is foreclosed by our recent holding that 'a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction.'").

Even if sufficient extraordinary and compelling circumstances existed to warrant a sentence reduction, the Court would still have to consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1106. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]

    (3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

  The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

  The Court considered these factors extensively at Jones' original sentencing hearing (DE 44), and at the subsequent hearing for his supervised release violation. (DE 70.) The Court has reconsidered them for this motion. Jones pled guilty to a serious offense for which he was sentenced to seventy-two (72) months of imprisonment and then he violated the terms of his supervised release for which he was sentenced to an additional ten (10) months of imprisonment. At this time, Jones is projected to be released in less than three months. (DE 79 at 3.) While the Court acknowledges that Jones has served over 70% of his imposed sentence, the Court must consider all of the § 3553(a) factors in making its determination. Considering the § 3553(a) factors, for the reasons stated in this opinion and at the time of Jones' sentencing and final supervised release violation hearing, it is not appropriate to order his release at this time.

  Jones also requests that the Court appoint counsel to represent him on this motion. No constitutional or statutory right to counsel exists for filing motions under 18 U.S.C. § 3582(c). *United States v. Clark*, No. 6:07-013-DCR, 2019 WL 7161209, at *2 (E.D. Ky. Feb. 14, 2019) (citing *United States v. Webb*, 565 F.3d 789, 794–95 (11th Cir. 2009) (collecting cases)). The decision to appoint counsel in these circumstances is within the Court's discretion, and counsel may be denied if the issues are straightforward and resolvable upon

review of the record. *Id.* The Court was able to resolve this motion on the record before it, and, thus, appointment of counsel is not appropriate.

For all these reasons, the Court HEREBY ORDERS that Defendant Devin Marquel Jones' motion for compassionate release (DE 74) is DENIED.

This 7th day of December, 2021.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY